**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**AAIPHARMA INC.,**

                       **Plaintiff,**

          **- against -**

**KREMERS URBAN DEVELOPMENT CO., et al.,**

                    **Defendants.**

**MEMORANDUM**
**OPINION & ORDER**

**02 Civ. 9628 (BSJ) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Plaintiff, AAIpharma, Inc., (hereinafter "AAIpharma"), brought suit against defendants,

Kremers Urban Development Company, Kremers Urban, Inc., Schwarz Pharma, Inc., Schwarz

Pharma USA Holdings, Inc., Schwarz Pharm Manufacturing, Inc., and Schwarz Pharma, AG,

(collectively, "Schwarz Pharma"), for patent infringement.  District Judge Barbara S. Jones has

referred the case to the undersigned for general pretrial matters.  Before the Court is Schwarz

Pharma's motion for sanctions against AAIpharma in connection with a lengthy discovery

dispute in which AAIpharma claimed 1500 documents were covered either by the attorney/client

privilege or the attorney work product doctrine.  AAIpharma produced nine versions of its

privilege log during the dispute.  Schwarz Pharma asks the Court to impose sanctions on

AAIpharma for making numerous changes to 1) the descriptions of withheld documents; and 2)

the bases for withholding documents.  Schwarz Pharma also asks the Court to sanction

AAIpharma for improperly withholding documents which the Court later determined were not

privileged after two *in camera* reviews.  Schwarz Pharma seeks total sanctions of $395,750.

For the following reasons, Schwarz Pharma's motion is **GRANTED, IN PART**, and

**DENIED, IN PART**.  As outlined below, AAIpharma is ordered to pay **$44,500** as a monetary sanction for improperly withholding documents even after significant court intervention and for repeatedly shifting the bases upon which it claimed to be withholding documents.

## II. BACKGROUND

AAIpharma produced its first privilege log in this litigation in February 2004 for 292 documents it was withholding in discovery.  Defendants' Memorandum in Support of Their Motion to Assess Sanctions Under Rule 37 ("Schwarz Pharma Mem.") at 4, 5 n.5.  AAIpharma opposed production for an additional set of documents, not listed in the log, on the basis of a confidentiality agreement with AstraZeneca.  AAIpharma Inc.'s Opposition to Defendants' Motion to Assess Sanctions Under Rule 37 ("AAIpharma Mem.") at 6.  After the Court ordered AAIpharma to produce some of those documents, and AstraZeneca released AAIpharma from the confidentiality provision, AAIpharma produced almost 100,000 pages.  **Id**. at 6-7.  AAIpharma continued to withhold some AstraZeneca documents on the basis of the attorney/client privilege and/or the work product doctrine and, therefore, added those documents to the existing privilege log.  **Id**. at 7.

Throughout 2004, in various conferences with the Court, Schwarz Pharma argued that AAIpharma had made improper claims of privilege on its privilege logs.  Initially, each time the issue was raised, AAIpharma indicated that it was producing a revised privilege log which would moot Schwarz Pharma's grievances.  Subsequently, in response to the parties' discussions with the Court, AAIpharma produced documents in two batches and removed them from the logs.  **Id**. at 8.  In accordance with directives from the Court, AAIpharma also further revised descriptions of the documents in the logs in an attempt to clarify the claims of privilege.  **Id**. at 8-9.  Schwarz

2

Pharma thereafter continued to challenge the designation of a large number of documents that AAIpharma had listed in the logs, and asked the Court to conduct an *in camera* review.  ***See* id**. at 9.

On September 15, 2004, the Court ordered an *in camera* review of a subset of the documents.  Those documents were discussed at a status conference on October 27, 2004.  ***See*** Transcript, Declaration of Christopher Ryan (Counsel for AAIpharma) ("Ryan Decl."), Exh. K. After reviewing this sample, the Court determined that the attorney/client privilege and the work product doctrine had been invoked more broadly than appropriate.  **Id**. at 4-5, 8.  The Court then discussed the parameters of the attorney/client privilege; in particular, why documents withheld failed to satisfy all elements necessary to invoke the privilege.  **Id**. at 2-5.  Operating on the assumption that the subset reviewed was representative of all the documents listed in the privilege log, the Court directed AAIpharma to review its documents and claims again based on the Court's ruling, with the expectation that most of the documents would be produced.  **Id**. at 9-10.  AAIpharma would be allowed to assert any appropriate privilege for the unreviewed documents.  **Id**. at 10.

AAIpharma indicated that it believed the Court's ruling was overbroad, but produced 503 documents, continuing to withhold 337 documents it deemed "unquestionably privileged." AAIpharma Mem. at 9-10.  Schwarz Pharma continued to assert its objections to AAIpharma's claims of privilege.  In a conference on January 27, 2005, the Court ordered another *in camera* review, this time of all 337 documents then in dispute.  Transcript, Declaration of Eric Stops (Counsel for Schwarz Pharma) ("Stops Decl."), Exh. E, at 24-25.

At that time, Schwarz Pharma asked for sanctions against AAIpharma for requiring

judicial intervention before producing documents.  **Id**. at 9.  Schwarz Pharma claimed that AAIpharma's privilege log had been a "moving target" since the beginning because it had changed the basis for withholding numerous documents.  **Id**. at 22.  It argued that if AAIpharma had asserted one basis of privilege initially, it could not later change the basis for withholding the document, and therefore had waived its right to claim any other basis of privilege for that document.  **Id**. at 8-9.

AAIpharma argued that while it had changed the descriptions of documents in numerous instances, those changes were not substantive or "material to the basis for the claim of the privilege, but made in an effort to clarify."  **Id**. at 3.  AAIpharma also explained that for a small number of documents, it had changed the basis of the privilege, from attorney/client to work product, or vice-versa.  **Id**. at 4.  In those instances, AAIpharma was now asserting "the better claim of privilege."  **Id**.  In other cases, AAIpharma had added a basis of privilege, so that a particular document, for example, was now claimed to be covered by both attorney/client privilege and the work product doctrine, where only one basis had been asserted before.  **Id**.  The Court found that changing the privilege claim was inconsistent with the reasons for a privilege log.  **Id**. at 5.

In a conference on May 4, 2005, the Court ruled that AAIpharma had not acted willfully, and therefore had not waived the right to assert privilege.  **Id**., Exh. A, at 3-5.  However, the Court did find that assertion of the wrong privilege required unnecessary judicial intervention and was sanctionable.  **Id**. at 5-6.  Rather than entertain protracted additional litigation about the time and expense AAIpharma had caused, the Court indicated that AAIpharma would be assessed a discrete monetary penalty for each inappropriate designation.  **Id**. at 6.

After the second *in camera* review, the Court found that 277 of the 337 documents were

privileged, while 60 were not, and had to be produced.  Docket Entry Nos. 112 and 117, Stops

Decl., Exhs. O-P.  AAIpharma produced 14 of those 60 documents, and appealed the Court's

order as to the remaining 46 documents.  AAIpharma Mem. at 11.

### III. DISCUSSION

Under Federal Rule of Civil Procedure ("FRCP") 37, the Court may impose sanctions for

discovery-related abuses.  The Court may also impose sanctions based on its "inherent power to

manage its own affairs."  **Residential Funding Corp. v. Degeorge Fin. Corp.**, 306 F.3d 99,

106-07 (2d Cir. 2002).  However, a finding of bad faith is required in the latter context.

***Compare* DLC Mgmt. Corp. v. Town of Hyde Park**, 163 F.3d 124, 136 (2d Cir. 1998) (need

finding of bad faith to impose sanctions under a court's inherent power to manage court affairs),

***with* JSC Foreign Econ. Assoc. Technostroyexport v. Int'l Dev. and Trade Servs., Inc.**, 2005

WL 1958361, at *12 (S.D.N.Y. Aug. 16, 2005) ( finding of bad faith or willfulness is not

required when imposing sanctions under FRCP 37) .  The Court does not find bad faith here, and

so relies on FRCP 37(a) and (b) to impose sanctions.

**A.      FRCP 37(a): Sanctions for Opposing Schwarz Pharma's Motion to Compel**

"If a party fails to make a disclosure required by Rule 26(a)," FRCP 37(a)(2)(A), or

provides "an evasive or incomplete disclosure, answer, or response," FRCP 37(a)(3), "any other

party may move to compel disclosure and for appropriate sanctions."  FRCP 37(a)(2)(A).

> If the motion is granted . . . the court shall . . . require the party or deponent whose
> conduct necessitated the motion or the party or attorney advising such conduct or
> both of them to pay to the moving party the reasonable expenses incurred in
> making the motion, including attorney's fees, unless the court finds . . . that the
> opposing party's nondisclosure, response, or objection was substantially

justified . . .

FRCP 37(a)(4)(A).

AAIpharma first contends that Schwarz Pharma never filed a formal motion to compel in relation to any of the documents listed on the privilege log.  However, a formal motion is not required; a request for judicial intervention is sufficient.  *See* **JSC Foreign Econ. Assoc. Technostroyexport**, 2005 WL 1958361, at *14 n.7.  Here, Schwarz Pharma appealed to the Court in numerous instances to review AAIpharma's assertions of privilege and two *in camera* reviews were conducted. The issue has been adequately raised.

"[T]he test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was 'substantially justified'. . . . [ T]hat has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' . . . or 'if reasonable people could differ as to [the appropriateness of the contested action]'."  **Pierce v. Underwood**, 487 U.S. 552, 565 (1988) (internal citations omitted).  *See* **JSC Foreign Econ. Assoc.**, 2005 WL 1958361, at *13; **S.E.C. v. Musella**, 1984 WL 832, at *2 (S.D.N.Y. Sept. 5, 1984).

AAIpharma argues that it was substantially justified in opposing Schwarz Pharma's objections to its claims of privilege.  In addition, AAIpharma argues that it should not be sanctioned for those documents it "chose" to produce after being ordered to do so because it produced them despite its belief that the Court's order was overbroad and provided a basis for appeal.  AAIpharma Mem. at 3.  However, AAIpharma's production after the Court's order in an "effort to avoid burdening the court and the delay associated with . . . a comprehensive appeal" does not eliminate all the harm from its original non-production.  **Id**.  The purpose of a privilege

6

log and an *in camera* review is to assist the parties and the Court to narrow the claims of privilege to the most critical documents. AAIpharma did not have to wait for the *in camera* review and court order. It could have saved the Court, its adversary, and itself, much time and many resources.

AAIpharma also notes that out of the 337 documents the Court reviewed, over 80% were found privileged. **Id**. at 12. In one conference, the Court had indicated that it would view AAIpharma's opposition to Schwarz Pharma's motion to compel differently if it found the majority of documents to be privileged. **Id**. However, while the Court did ultimately find many privileged documents, the Court finds that AAIpharma caused substantial delay to the litigation and cost unnecessary time and expense by failing to reduce the number of documents withheld before two *in camera* reviews and numerous court orders were required. AAIpharma's continued opposition to production of the documents it ultimately produced after the Court's various interventions was not substantially justified and, therefore, sanctions are in order.

This order does not cover the 46 documents on appeal. In addition, the sanction proposed by Schwarz Pharma, a charge for *each* of the 215 documents the Court ultimately found were not privileged is unnecessary. However, fourteen documents were found not privileged even after AAIpharma made numerous revisions to the privilege log and the Court conducted the initial *in camera* review, advised AAIpharma that its assertions of privilege were too broad, and conducted another *in camera* review. These documents were not properly withheld. A sanction of $1,000 per document will be imposed, for a total of $14,000, as an appropriate measure of the delay and expense AAIpharma caused by repeatedly asserting an overbroad interpretation of attorney/client privilege even after the Court's involvement.

**B.**      **FRCP 37(b)**: **Failure to Obey Discovery Order**

FRCP 37(b)(2) provides that "[i]f a party . . . fails to obey an order to provide or permit

discovery . . . , the court . . . may make such orders in regard to the failure as are just . . . "  ***See***

**Dimensional Sound, Inc. v. Rutgers Univ.**, 1996 WL 11244, at *3 (S.D.N.Y. Jan. 10, 1996)

("Rule 37 sanctions are intended to ensure that a party does not benefit from its failure to comply

[with discovery] . . .").  The rule sets forth specific orders which may be imposed for violations.

In addition to, or in lieu of these specified orders, "the court shall require the party failing to obey

the order or the attorney advising that party or both to pay the reasonable expenses, including

attorney's fees, caused by the failure . . . "  FRCP 37(b)(2).

It is well settled that the court has broad discretion to determine the type of sanction to

impose upon a party, based on all the facts of the case.  **Dimensional Sound**, 1996 WL 11244, at

*3.  The rule authorizes a wide variety of sanctions, including declaring certain facts as

established and preventing the offending party from introducing evidence on particular topics.

***See, e.g.,*** FRCP 37(b)(2)(A)-(E).  The discretion of the court is guided by relevant factors, which

may include "1) the history of the failure to comply with court orders; 2) whether the party

violating the order was given ample time to respond; 3) the effectiveness of alternative sanctions;

4) whether the noncomplying party was warned of and given an opportunity to argue against the

impending sanction; 5) the prejudice to the adversary caused by the failure to comply; 6) whether

the documents at issue would normally be readily obtainable; and 7) the extent of the party's

personal responsibility."  **Monaghan v. SZS 33 Assoc., L.P.**, 148 F.R.D. 500, 508-09 (S.D.N.Y.

1993).

The language of the rule requires a prior court order before the court may entertain a sanction. *See* **Salahuddin v. Harris**, 782 F.2d 1127, 1131 (2d Cir. 1986); **Israel Aircraft Indus., Ltd. v. Standard Precision**, 559 F.2d 203, 208 (2d Cir. 1977). The court order need not be issued pursuant to FRCP 37(a), however, so long as "there is a clearly articulated order of the court requiring specified discovery . . ." **Daval Steel Prod. v. M/V Fakredine**, 951 F.2d 1357, 1363 (2d Cir. 1991). That is, "the failure to comply with *any* court-issued discovery order can trigger Rule 37 sanctions." **Monaghan**, 148 F.R.D. at 508 (*citing* **Daval Steel**, 951 F.2d at 1357) (emphasis added). *See* **Jones v. Uris Sales Corp.**, 373 F.2d 644, 647-48 (2d Cir. 1967). In addition, the order "'does not have to be a formal, written order.'" **JSC Foreign Econ. Assoc.**, 2005 WL 1958361, at *14 n.10 (*quoting* 7 *Moore's Federal Practice* §§ 37.42[2], 37.42[3]). Here, the Court's various directives to AAIpharma in 2004 to produce revised privilege logs are the orders at issue. AAIpharma effectively disobeyed those orders because the logs required numerous additional revisions and refinements as well as significant court intervention before AAIpharma produced documents that should not originally have been placed on the privilege log. As with the improper withholding of documents discussed in the previous section, the Court finds AAIpharma's conduct here was not substantially justified and that sanctions are in order.

Schwarz Pharma asks the Court to impose sanctions for two kinds of changes AAIpharma made to its privilege logs: 1) changes to the descriptions of withheld documents, and 2) changes to the basis for which AAIpharma claimed to be withholding documents. The Court finds that no sanctions are warranted for changes in document descriptions, as these were largely non-substantive changes that assisted in the review of the privilege logs. On the other hand, sanctions

are warranted for multiple shifts to the claim of privilege.  Schwarz Pharma asks for a sanction of

$250 for each time AAIpharma changed the basis for withholding a document, which they assert

was 274 times.  Schwarz Pharma Mem. at 8.  However, 152 of those changes were instances in

which AAIpharma deleted a claim of attorney/client privilege or work product.  AAIpharma

Mem. at 14.  As with the document descriptions, in these instances, AAIpharma was doing

exactly what the Court asked, narrowing the issues presented by the logs.  No sanctions are

imposed for these 152 changes.  In 75 instances, however, AAIpharma added a claim of privilege

that had not been asserted initially.  **Id**. at 15.  In 42 instances AAIpharma revised the claim of

privilege twice, either adding then deleting a basis, or vice-versa.  **Id**.  And in 5 instances, the

basis changed completely, either from attorney/client privilege to work product, or vice-versa.

**Id**. at 14.  In effect, AAIpharma altered its legal argument 122 times, forcing Schwarz Pharma to

re-examine the logs and re-determine whether it had a basis to make a motion to compel.  For

each of these changes, a $250 sanction is imposed, for a total of $30,500, as an appropriate

measure of the delay and expense AAIpharma caused by repeatedly altering its basis for

withholding documents.

## C.    Other Sanctions

Schwarz Pharma has asked the Court to impose additional sanctions on AAIpharma by

requiring it to pay for a second round of depositions which Schwarz Pharma determined was

necessary after AAIpharma produced more documents in response to the Court's orders.  Besides

general delay in the litigation, this second round of depositions is concrete evidence of the

prejudice caused by the privilege log dispute.  However, the sanctions outlined above are

designed to approximate the cost of this prejudice as well as create the deterrent effect intended

by FRCP 37's sanctions provisions.  A determination of attorney's fees and expenses related to

Schwarz Pharma's requests for judicial intervention throughout the dispute, the costs of the

instant motion, and the costs of the second round of depositions is not necessary.  No additional

sanctions in the form of attorney's fees will ensue.

Finally, Schwarz Pharma has asked the Court to hold counsel for AAIpharma jointly and

severally liable for the sanctions imposed here.  Under FRCP 37(a), the Court can hold either the

party or its counsel, or both, liable.  *See* **In re Omeprazole Patent Litigation**, 2005 WL 818821,

at *16 (S.D.N.Y. Feb. 18, 2005); **Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and**

**Rest. Employees Int'l Union**, 2004 WL 1943099, at *25 (S.D.N.Y. Aug. 27, 2004) ("It has long

been the law in this Circuit that a client may be sanctioned for his lawyer's misconduct.").  Here,

the Court finds no "'coordinated effort,'" between client and counsel, requiring joint and several

liability.  **Metro. Opera Ass'n**, 2004 WL 1943099, at *25 (*quoting* **Estate of Calloway v.**

**Marvel Entm't Group**, 9 F.3d 237, 239-40 (2d Cir. 1993)).  This determination lies within the

Court's discretion, and the Court finds that holding counsel liable is not justified in this instance.

## IV. CONCLUSION

For the foregoing reasons, pursuant to FRCP 37(a) and (b), the Court finds that

AAIpharma shall pay $44,500 as a sanction for 1) improperly withholding documents under an

overbroad interpretation of privilege even after significant Court intervention ($1,000 per

fourteen documents, or $14,000); and 2) repeatedly changing the basis for which it was

withholding documents as listed on its privilege logs ($250 per 122 documents, or $30,500).

11

**SO ORDERED** this 31st day of October 2006
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge