```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
AAIPHARMA LITIGATION LLC,             :      02 Civ. 9628 (DLC)
                                      :
                    Plaintiff,        :
                                      :      MEMORANDUM OPINION
        -v-                           :         AND ORDER
                                      :
KREMERS URBAN DEVELOPMENT CO., et al.,:
                                      :
                    Defendants.       :
                                      :
------------------------------------- X
```

DENISE COTE, District Judge:

This is an action for patent infringement brought by AaiPharma Litigation LLC ("Aai") against defendants Kremers Urban Development Co., et al. (collectively, "Schwarz Pharma") asserting claims in U.S. Patent Nos. 6,268,385 and 6,326,384 (the "patents-in-suit") related to the drug omeprazole. Before the Court is Schwarz Pharma's third round of summary judgment briefing. Defendants' first motion for summary judgment, in which defendants argued that Aai lacked standing and that one of the patents-in-suit was unenforceable, was denied in a Memorandum & Order of July 30, 2012. Defendants' second motion for summary judgment, in which defendants argued that the patents-in-suit were anticipated by prior art and therefore invalid, was denied in a Memorandum & Order of October 1, 2012.

Schwarz Pharma now seeks summary judgment in three additional motions, arguing (1) that its production process does not infringe the patents-in-suit, (2) that the patents-in-suit

are invalid due to anticipation and non-enablement, and (3) that the patents-in-suit are invalid under 35 U.S.C. § 101. For the reasons that follow, defendants' motions for summary judgment of non-infringement and of invalidity due to anticipation and lack of enablement are denied.

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and the court must view all facts "in the light most favorable" to the non-moving party in making this determination. Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008); see also Eastman Kodak Co. v. Image Technical Serv., Inc., 504 U.S. 451, 456 (1992). A material fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue exists as to a material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Having reviewed the parties' briefing and the factual record, it is clear that genuine issues of material fact remain to be decided at trial, including:

(1) Whether Aai's expert testimony establishes that the 6/5

2

       isomer ratio in the dry blended, unmicronized portion of the omeprazole in Schwarz Pharma's production process is essentially maintained.

(2) Whether the formulation process described in the prior art disclosure of International Application WO 98/50019 ("Chen") excludes aggressive techniques like grinding and sieving and necessarily maintains omeprazole's 6/5 isomer ratio.

(3) Whether the patents-in-suit provide sufficient detail regarding the procedures to be used in the dry blending process to enable a person of ordinary skill in the art to produce omeprazole without changing its 6/5 isomer ratio.

Defendants' motions for summary judgment of non-infringement and summary judgment of invalidity due to anticipation and lack of enablement are therefore denied. Judgment is reserved on defendants' motion for summary judgment of invalidity under 35 U.S.C. § 101. The pretrial order remains due March 18, 2013. Trial shall begin April 22, 2013.

Dated:    New York, New York
           March 14, 2013

                                        DENISE COTE
                              United States District Judge